UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN, JEFFREY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS, and MICHAEL WOODS, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 08 C 5908 |
| v. | ) ) | Judge Joan B. Gottschall |
| YELLOW TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Charles Brown, Jeffrey Burks, Antonio Colon, James Demoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods (collectively "Brown") filed a class-action Complaint (the "Complaint") alleging that defendant Yellow Transportation, Inc. ("Yellow") violated 42 U.S.C. § 1981 by, *inter alia*, subjecting Brown to disparate treatment, a hostile work environment, and retaliation based on Brown's race. The Complaint also alleges claims specific to individual plaintiffs. Yellow now moves for leave to amend its Answer and Defenses (the "Answer") to the Complaint in order to add the affirmative defenses of judicial estoppel and after-acquired evidence over Brown's opposition.

## I. BACKGROUND

Yellow proposes to amend the Answer to plead the following affirmative defenses:

> Fourteenth Defense: Some of the Plaintiffs failed to disclose their claims against Defendant as part of filings in bankruptcy proceedings despite Plaintiffs having knowledge of their alleged claims against Yellow. Therefore, Plaintiffs are judicially estopped from pursuing this action against Yellow.

Am. Answer 50 (Mot., Ex. S).

> Fifteenth Defense: Some of Plaintiffs failed to disclose criminal convictions on their employment applications with Yellow. To the extent that Yellow learns, through the course of discovery, that any Plaintiff has a criminal conviction that was not disclosed on an application for employment with Yellow, or has engaged in any activity that would preclude their employment, such Plaintiffs' damages are limited by the doctrine of after-acquired evidence.

*Id*.

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been served with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). A court "should freely give leave when justice so requires." *Id.* Rule 15 permits liberal amendment of pleadings, but courts may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849-50 (7th Cir. 2002) (citing *Foman v. Davis,* 371 U.S. 178, 181-82 (1962)).

Brown objects to Yellow's proposed affirmative defenses urging that they "do not apply in this case" and would unnecessarily expand the scope of litigation. Resp. 6-11. Put in the language of the standard set out above, Brown appears to contend that Yellow's proposed affirmative defenses would be futile and would cause Brown undue prejudice. The court considers these arguments in turn.

### A. Futility: Judicial Estoppel

An amended pleading is futile under Rule 15(a) where it fails to state a claim under Rule 12(b)(6). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997). Brown argues that Yellow will not prevail on its judicial estoppel theory because (1) judicial estoppel is "an extraordinary remedy," (2) precedent does not support the application of judicial estoppel in claims for relief under § 1981, (3) many of the acts alleged in the Complaint arose after the conclusion of plaintiffs' bankruptcy proceedings, (4) applying judicial estoppel would allow a "technical defense [to] . . . rob Plaintiffs . . . of their meritorious claim." Resp. 6-9. Finally, in the event Yellow ultimately prevails on its judicial estoppel theory, Brown urges the court to apply the doctrine in a way that would protect the relevant plaintiffs' bankruptcy creditors, not Yellow. Resp. 6-9. All of these arguments improperly challenge the merits of Brown's affirmative defense (or the scope of relief the defense confers), rather than its sufficiency under Rule 12(b)(6), and are therefore unavailing. Nonetheless, the court considers whether Yellow's judicial estoppel defense is futile in light of applicable precedent.

Judicial estoppel is "an equitable doctrine to be applied flexibly with an eye toward protecting the integrity of the judicial process . . .[t]herefore, no precise or rigid formula guides the application of judicial estoppel." *Jarrard v. CDI Telecomm., Inc.*, 408

F.3d 905, 914 (7th Cir. 2005). Yellow's proposed affirmative defense alleges that some of the plaintiffs filed for bankruptcy and failed to disclose pending claims against Yellow to the bankruptcy court, and consequently those plaintiffs should be estopped from asserting their discrimination claims in this suit. The Seventh Circuit has upheld a district court's application of judicial estoppel to bar a plaintiff's recovery where the plaintiff failed to disclose a $300,000 administrative claim pending against the postal service to the bankruptcy court and then later filed a lawsuit against the postal service under the Rehabilitation Act, 29 U.S.C. § 791. *See generally Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006). Similarly here, some plaintiffs have filed administrative claims with the EEOC against Yellow which they allegedly failed to disclose to the bankruptcy court and now seek recovery in this lawsuit under § 1981. As alleged, these facts could support an application of judicial estoppel. Yellow's affirmative defense is therefore well-pled.

Brown's contention that judicial estoppel is inapplicable because this lawsuit under § 1981 does not completely overlap with the non-disclosed EEOC charges (which Brown contends form the basis of Yellow's estoppel theory[1]) is premature. While the court may ultimately find the EEOC charges distinct from Brown's claims under § 1981 and deny judicial estoppel on that or some other basis, the court cannot make such a determination at this stage. Moreover, Brown's tacit admission that there is some overlap between the EEOC charges and Brown's § 1981 suit (*see* Resp. 8) undermines his argument that they are legally severable. The court accordingly grants Yellow leave to amend its answer to plead the affirmative defense of judicial estoppel.

---

[1] As pled, Yellow's estoppel defense is not limited to an EEOC charge theory, providing yet another reason to reject plaintiff's arguments.

### B. Futility: After-Acquired Evidence

Yellow also seeks to amend its answer to assert the affirmative defense of after-acquired evidence, which could limit Brown's recovery if he failed to disclose a prior criminal conviction on an employment application or engaged in any activity that would "preclude [his] employment." Am. Answer 15 (Mot., Ex. S). After-acquired evidence that would have resulted in an employment discrimination plaintiff's lawful dismissal from his job can bar that plaintiff's reinstatement and recovery of front pay, and reduce his damages for back pay. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361-63 (1995). The Complaint seeks lost wages, including back pay on behalf of the plaintiff class. *See* Compl. ¶ 126(d).

Here again, Brown does not object to the sufficiency of Yellow's affirmative defense of after-acquired evidence, but rather urges that (1) two of the plaintiffs, Burks and Washington, are still employed by Yellow and therefore do not seek back pay, front pay or reinstatement, and (2) applying the after-acquired evidence rule in a case that alleges a hostile work environment is "inappropriate." Resp. 10. The Complaint belies the first contention: the prayer for relief requests back pay and lost wages as a remedy for Yellow's alleged wrongs and Yellow may accordingly seek to reduce its liability based on after-acquired evidence. Compl. ¶ 126(d). As for the second, the proper question is not whether asserting the after-acquired evidence defense is "inappropriate," but rather whether it is legally permitted. Brown has provide no legal authority in support of its position that the defense of after-acquired evidence is impermissible where a plaintiff alleges that he endured a hostile work environment, and the court rejects Brown's

5

arguments on this basis. Yellow's defense of after-acquired evidence is, consequently, not futile.

### C. Undue Prejudice

Brown argues that permitting Yellow to assert the above-discussed affirmative defenses would "unnecessarily expand the scope of this litigation" (Resp. 10), but cites no authority for the proposition that asserting a well-pled affirmative defense may cause a plaintiff undue prejudice. And Brown's sole citation to *McKennon* is unavailing. *McKennon* established the *propriety* of the after-acquired evidence defense in the employment discrimination context and held that courts were capable of deterring abuse of it. *McKennon*, 513 U.S. at 363. Brown's objection to the potentially unlimited scope of Yellow's after-acquired evidence discovery, then, is one *McKennon* dismissed when it entrusted the court to manage the implications of the defense using the Federal Rules of Civil Procedure. *Id*. Brown has failed to show he would be unduly prejudiced by Yellow's amendment of its Answer.

### III. CONCLUSION

Defendants' Motion for Leave to Amend Answer and Defenses to Add Affirmative Defenses is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 14, 2010