# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN, JEFFERY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS, MICHAEL WOODS, MACK LEONARD, on behalf of themselves and similarly situated African-American employees, | ) ) ) ) ) ) ) ) ) | Case No. 08 CV 5908  Magistrate Judge Cox |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) | |
| Defendants. | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| CHARLES E. BROWN, JEFFREY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, MACK LEONARD, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS and MICHAEL WOODS, | ) ) ) ) ) ) ) | Case No. 09 CV 7693  Magistrate Judge Cox |
| Intervening Plaintiffs | ) ) | |
| v. | ) ) | |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) | |
| Defendants. | ) | |

**DECLARATION OF RANDALL D. SCHMIDT**

1

I, Randall D. Schmidt, pursuant to 28 U.S.C. § 1746, declare as follows:

1. This declaration is submitted in support of Plaintiffs' Unopposed Petition for Attorneys' Fees and Costs ("Unopposed Fee Petition") for the period from August 13, 2007, to September 10, 2012, for the specific hours and billing rates related to work performed in this litigation on behalf of the Plaintiffs by me, Catherine Caporusso, Carol Coplan Babbitt, and twenty-two (22) University of Chicago Law Students who worked in the University's of Chicago Law School's Edwin F. Mandel Legal Aid Clinic under my supervision. There is no objection to Plaintiffs'' Unopposed Fee Petition by Defendants and all the parties to this litigation agreed in the Consent Decree that Class Counsel should be compensated from the common fund established by the Consent Decree preliminarily approved by this Court. In addition, no class member has filed an object to the fees allocated to Class Counsel by the Consent Decree.

### Background of Time Billers

2. I am a 1979 graduate of the University of Chicago Law School. Carol Coplan Babbitt is a 1988 graduate of DePaul University College of Law. Catherine Caporusso is a 1995 graduated of Harvard Law School. Each of us is a member in good standing of the bars of the Supreme Court of Illinois, the United States District Court for the Northern District of Illinois, and the Trial Bar of the Northern District of Illinois. Further information concerning our educational and professional backgrounds is contained in our resumes, attached as Group Exhibit A-1.

3. Between July 2008 and the present, a total of twenty-two (22) second and third year law students at the University of Chicago Law School worked under my supervision on this litigation. These law students were active participants in this litigation and fully involved in every aspect of it. For example, they interviewed the Named Plaintiffs, drafted the Complaint

and Amended Complaint in the Section 1981 class action. They also worked with the Named Plaintiffs and Claimants in the Equal Employment Opportunity Commission ("EEOC") Title VII case to answer Defendants' interrogatories and requests for production of documents, worked with the Named Plaintiffs to prepare them for their depositions, and attended the depositions of the Named Plaintiffs and Claimants in the EEOC Title VII case. In addition, students who were licensed under Supreme Court Rule 711 participated in the depositions of Defendants' supervisors. They were also fully involved in drafting the numerous motions and memorandum filed in this litigation, including Plaintiffs' Motion for Class Certification, Plaintiffs' Reply in Support of the Motion for Class Certification and Plaintiffs' Response to Defendants' Petition for Interlocutory Appeal to the Seventh Circuit. They also met on a regular basis with me and the other attorneys involved in this litigation to discuss case strategy and planning.

## Time and Expense Records

4. In connection with the preparation of Plaintiffs' Unopposed Fee Petition, I have reviewed the time records of the attorneys and law students concerning this litigation. A summary of the time records for the attorneys and law students involved in this litigation is attached as Exhibit A-2. This summary sets forth a true and accurate record of the professional services actually and reasonably rendered by the attorneys and law students who worked on this litigation and for whom fees are being sought.

5. The records I reviewed include the computer print out of the hours spent on this case by the University of Chicago law students, the time records of Ms. Caporusso, the time records of Ms. Babbitt, and the time records I maintained for my work on this case. With respect to the time records of the law students, law students in the Clinic are required to enter their time in a computer-based time-tracking system. This system is used to track students' hours for

3

purposes of academic credit as well as petitions for attorneys' fees. The student time records contain details concerning the hours expended and the type of services provided on behalf of the Plaintiffs and the Class in this litigation. The records I reviewed were compiled by generating a printout of the time spent on this litigation. The time records I reviewed were personally and accurately recorded by the attorneys and law students. The underlying time records can be produced in their entirety for review by the Court, if requested.

6. I have also reviewed the records concerning the expenses incurred in this litigation by Class Counsel. A summary of the out-of-pocket costs currently expended is attached as Exhibit A-3. These costs were necessary, reasonable and incurred in prosecuting this litigation. It should be noted that the summary does not include the expenses associated with local travel in this litigation. Because my office at the University of Chicago Law School is located in Hyde Park, many of my students and I incurred travel expenses (parking fees and mileage fees) every time we attended a court hearing, deposition or meeting related to this litigation. Plaintiffs, however, are not seeking recovery of these expenses in Plaintiffs' Unopposed Fee Petition. The underlying invoices and records related to these costs that Plaintiffs included in Plaintiffs' Unopposed Fee Petition can be produced in their entirety for review by the Court, if requested.

**Reasonableness of the Fee Request**

7. I believe that the time for which fees are requested as well as the rates proposed in Plaintiffs' Unopposed Fee Petition, totaling $1,100,000.00 for the period August 13, 2007, to September 10, 2012, is reasonable and should be fully compensated. Based on my years of experience representing plaintiffs in employment litigation and review of the rates approved and charged by other attorneys, I am familiar with the legal market in Chicago and the hourly rates

4

customarily charged by other plaintiffs' attorneys. My knowledge is based on, among other things, knowledge of court decisions awarding attorneys' fees and discussions with other attorneys who handle employment discrimination claims about the hourly rates they charge their clients. The rate requested for Class Counsel in Plaintiffs' Unopposed Fee Petition is below the rates of many of Class Counsel's peers with comparable education and experience. Additionally, the rate requested for the law students who worked on this litigation is below the rates that law firms charge for the work done by these students as summer associates.

8. The fees are reasonable because Class Counsel has exercised billing discretion in eliminating duplicative and unproductive hours. In particular, I reduced my hours substantially and did not request hours for hearings at which I appeared with co-counsel unless I actively participated in the hearing. Likewise, I excluded many of the hours that my students included for attending some of the hearings in this litigation.

9. The fees are also reasonable in light of the fees awarded in similar cases. The best example of this is the fees that were awarded to the private counsel in *EEOC v. Roadway*, No. 06 cv 04805 (N.D. Ill) (Consent Decree, entered Dec. 20, 2010). In the Consent Decree entered in that case and approved by this Court, the private attorneys were awarded $1.5 million in fees and costs for their representation of ten (10) named plaintiffs over a five (5) year period. That amount equaled 15% of the total settlement fund of $10 million. Another example is *Smith v. Nike*, No. 03 cv 9110 (N.D. Ill.) (Settlement Agreement and Consent Decree, filed July 30, 2007, entered Oct. 2, 2007), in which the court awarded class counsel $2.6 million for their work in representing 400 African Americans in similar race discrimination case against Nike. Those fees and costs equaled 34% of the total $7.6 million settlement fund.

10. Finally, the fees awarded for the work by me and my law students will not go to

5

me or the law students. Rather, the fees awarded will go to the Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School for its use in representing other clients and providing clinical legal education to law students.

     11.    Accordingly, I believe that the time for which fees are requested as well as the rates proposed in Plaintiffs' Unopposed Fee Petition, totaling $1,100,000.00 for the period August 13, 2007, to September 10, 2012, is reasonable and should be fully compensated.

     Under the penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

                                         Respectfully Submitted,

                                         __s/Randall D. Schmidt__

Dated: September 10, 2012