IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) ) ) ) | |
| CHARLES E. BROWN, JEFFREY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, MACK LEONARD, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS and MICHAEL WOODS, Intervening Plaintiffs, | ) ) ) ) ) ) ) ) ) ) | |
| v. | ) ) | Case No. 09 CV 7693 |
| YELLOW TRANSPORTATION, INC. and YRC, Inc., Defendants. | ) ) ) ) | Magistrate Judge Cox |
| CHARLES BROWN, JEFFERY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS, MICHAEL WOODS, MACK LEONARD, on behalf of themselves and similarly situated African-American employees, Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 CV 5908 Magistrate Judge Cox |
| v. | ) ) | |
| YELLOW TRANSPORTATION, INC., and YRC, INC., Defendants. | ) ) ) | |

## CONSENT DECREE

### THE LITIGATION

1.     Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit

(case number 09 CV 7693) against Defendants, Yellow Transportation, Inc. and YRC Inc., d/b/a

YRC Freight (collectively "YRC" or the "Defendant"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, (the "EEOC Chicago Ridge Title VII case"), alleging that YRC discriminated against African-American employees at its Chicago Ridge facility. EEOC alleged that YRC violated Title VII by unlawfully discriminating against a class of Black employees by fostering a hostile work environment based upon race, and unlawfully discriminated against its Black employees in the terms and conditions of employment. On October 6, 2010, current and former YRC employees Charles E. Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods and Michael Woods ("Intervening Plaintiffs") filed a Complaint in Intervention in EEOC's action alleging that YRC violated Title VII by unlawfully discriminating against them individually by fostering a hostile work environment based upon race, and unlawfully discriminated against them in the terms and conditions of their employment at Chicago Ridge.

      2.    Prior to the EEOC Chicago Ridge Title VII case, on October 15, 2008, 14 of the 15 Intervening Plaintiffs filed a Complaint (case number 08 CV 5908), alleging that YRC had violated Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), by discriminating against them and a class of current and former Black employees who worked on the dock or in the yard (as spotters) at Chicago Ridge (the "Chicago Ridge Section 1981 case"). On July 10, 2010, the Court allowed Mack Leonard to join in the Chicago Ridge Section 1981 case as a Named Plaintiff and allowed the Named Plaintiffs to file their Corrected Amended Complaint ("Amended Complaint").

      3.    On May 11, 2011, the Court in the Chicago Ridge Section 1981 case certified a class of Black employees who had worked at the Chicago Ridge facility under Rule 23(b)(3) of

the Federal Rules of Civil Procedure, defined as follows:

> All current and former African-American employees employed between October 15, 2004, and the present by YRC Inc. and Yellow Transportation, Inc., on its docks, in offices located on or near the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee) at their facility located at 10301 S. Harlem Ave., Chicago Ridge, Illinois ("Chicago Ridge") and including those Chicago Ridge African-American employees transferred in 2009 to work at the facility located at 2000 Lincoln Highway, Chicago Heights, Illinois ("Chicago Heights").

4.      The EEOC Chicago Ridge Title VII case and the Chicago Ridge Section 1981 case have been consolidated for purposes of entering this Consent Decree (the "Decree"). Class Notice was issued to the Chicago Ridge Section 1981 case class on March 15, 2012, and it required any individual desiring to opt-out of the class to notify Section 1981 Class Counsel, before May 15, 2012, of their desire to opt-out. No member of the class opted-out of the certified class, and YRC faces no additional exposure for Section 1981 claims of current or former African-American YRC employees, as described in the certified class, arising on or after October 2004.

5.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, all Parties in all of the above cases have agreed that these actions pertaining to Chicago Ridge should be finally resolved by Entry of this Decree.

6.      By entering into this Decree, no party makes any admission regarding any claims or potential claims or any defenses thereto.

7.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaints, Amended Complaints, and Complaints in Intervention in the EEOC Chicago Ridge Title VII case and the Chicago Ridge Section 1981 case.

## DEFINITIONS

8.     In addition to the terms defined elsewhere in the Consent Decree, the following terms shall have the following meanings:

A.     "EEOC Settlement Class" shall mean those individuals who submitted claims to EEOC and who also were identified to YRC's Counsel in the EEOC Chicago Ridge Title VII case.

B.     "Section 1981 Settlement Class" shall mean all current and former African-American employees employed between October 15, 2004, and the present by YRC Inc. and Yellow Transportation, Inc., on its docks, in offices located on or near the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee) at Chicago Ridge and including those Chicago Ridge African-American employees transferred in 2009 to work at Chicago Heights.

C.     "Settlement Class" shall mean the combined EEOC Settlement Class and the Section 1981 Settlement Class.

D.     "Intervening Plaintiffs" shall mean Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods.

E.     "Intervenors' Counsel" refers to Carol Coplan Babbitt, Catherine A. Caporusso, Randall D. Schmidt, and the University of Chicago's Edwin F. Mandel Legal Clinic.

F.     "Section 1981 Named Plaintiffs" refers to Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard

Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods.

        G.     "Section 1981 Class Counsel" refers to Carol Coplan Babbitt, Catherine A. Caporusso, Randall D. Schmidt, and the University of Chicago's Edwin F. Mandel Legal Clinic.

        H.     "Defendant" or "Company" shall mean Yellow Transportation, Inc. and YRC, Inc. d/b/a YRC Freight, and any of their predecessors or successors in interest.

        I.     "Parties" means EEOC, Intervening Plaintiffs, Section 1981 Named Plaintiffs, and Defendant.

        J.     "Plaintiffs" means EEOC, Intervening Plaintiffs, and the Section 1981 Named Plaintiffs.

        K.     "Claimant" means each member of the Settlement Class who timely submits a claim form.

        L.     "Preliminary Approval" of the Consent Decree means the date when the United States District Court for the Northern District of Illinois has granted conditional approval of the proposed Consent Decree, subject to notice and a Fairness Hearing with regard to the Chicago Ridge Section 1981 case class settlement.

        M.     "Final Approval of the Consent Decree" means the date when notice is received by the Parties through the Court's ECF system that the United States District Court for the Northern District of Illinois, Eastern Division has held a Fairness Hearing with regard to the settlement, has approved the settlement under Rule 23(e) of the Federal Rules of Civil Procedure, and has granted final approval of the Decree.

N.     "YRC's Chicago Heights operation" means YRC's existing Chicago Heights break bulk facility located at 2000 East Lincoln Highway, Chicago Heights, Illinois 60411.

O.     "Settlement Fund" means the monetary fund set up for the purpose of providing monetary awards to Claimants and out of which Intervening Plaintiffs/Named Plaintiffs and Section 1981 Class Counsel will be paid.

P.     "Approval of Distribution" means the date the Parties receive notice through the Court's ECF system that the United States District Court for the Northern District of Illinois, Eastern Division has approved the distribution of the settlement fund.

Q.     "YRC's Chicago break bulk dock operation" means (i) YRC's existing Chicago Heights break bulk facility located at 2000 East Lincoln Highway, Chicago Heights, Illinois 60411, and (ii) if the existing Chicago Heights break bulk facility is closed down or substantially moved to another YRC break bulk facility within fifty (50) miles of the existing Chicago Heights facility, then any additional YRC break bulk facility where more than fifty (50) percent of the African-American workers at the YRC break bulk facility are members of the Settlement Class.

## FINDINGS

9.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a.     This Court has jurisdiction of the subject matter of the EEOC Chicago Ridge Title VII case, the Chicago Ridge Section 1981 case, and of the Parties in each case.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, YRC, the Intervening Plaintiffs, the EEOC Settlement Class, the Section 1981 Settlement Class, and the public interest are adequately protected by this Decree.

c.      This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and Section 1981, and is not in derogation of the rights or privileges of any person. The Entry of this Decree will further the objectives of Title VII and Section 1981, and will be in the best interests of EEOC, YRC, the Intervening Plaintiffs, the EEOC Settlement Class, the Section 1981 Settlement Class, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### MONETARY RELIEF

10.     The aggregate sum of Eleven Million Dollars ($11,000,000.00) shall be distributed to the Claimants, Intervening Plaintiffs/Named Plaintiffs, and the Section 1981 Class Counsel in accordance with the terms of this Decree.

### ESTABLISHMENT OF SETTLEMENT FUNDS & MONETARY ALLOCATION

11.     By July 15, 2012, Defendants shall pay the aggregate sum of Five Million Five Hundred Thousand Dollars ($5,500,000.00) (the "Initial Payment"). The Initial Payment shall be deposited by wire transfer into an account held in trust as set forth in Paragraph 12 below and administered by EEOC and the Section 1981 Class Counsel under the Court's supervision, which shall constitute the Settlement Fund for the purpose of providing monetary awards to Claimants, Intervening Plaintiffs/Named Plaintiffs, and Section 1981 Class Counsel. The Settlement Fund shall be established at Seaway National Bank of Chicago (or such other institution identified by EEOC and Section 1981 Class Counsel). Any interest accrued by the Settlement Fund will be

used to pay expenses associated with the administration of the Settlement Fund. Any interest in excess of the costs of administration shall be distributed to Claimants and Intervening Plaintiffs/Named Plaintiffs in accordance to the distribution plan approved by the Court. Other than withdrawal of accrued interest to pay expenses associated with the administration of the Settlement Fund, all payments from this Settlement Fund shall go to Claimants, Intervening Plaintiffs/Named Plaintiffs, and Section 1981 Class Counsel only in accord with the distribution approved by the Court pursuant to Paragraphs 16, 36, and 38 below.

12.     The Settlement Fund shall be an irrevocable trust under Illinois law and a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and shall be administered by EEOC and the Section 1981 Class Counsel under the Court's supervision.

13.     By November 15, 2012, or within 30 days after Final Approval, whichever is later, Defendants shall pay by wire transfer to the Settlement Fund an additional aggregate sum of Five Million Five Hundred Thousand Dollars ($5,500,000.00).

14.     Within 5 business days of Approval of Distribution, Intervenors' Counsel/Section 1981 Class Counsel shall be paid a sum of One Million One Hundred Thousand Dollars ($1,100,000.00) out of the Settlement Fund. This payment is payment in full for Intervenors' Counsel/Section 1981 Class Counsel claims for attorneys' fees and costs incurred in connection with their representation of the Intervening Plaintiffs, the Named Plaintiffs, and the Section 1981 Class, including costs and fees associated with the implementation of this Decree.

15.     All of the funds payable to the EEOC Settlement Class and the Section 1981 Settlement Class will be distributed in accord with the distribution process described in this Decree at Paragraphs 28-39.

## CLAIMS ADMINISTRATOR

16.     First Class, Inc., 5410 W. Roosevelt Rd., Unit 222, Chicago, Illinois 60644 shall act as Claims Administrator who shall: (a) verify addresses using the national change of address database and mail notices and forms relating to the settlement, claims forms, and claims notices; (b) receive objections and other communications from Section 1981 Settlement Class members regarding the settlement of the Section 1981 Class Action; (c) receive claims forms for the Settlement Fund; (d) transmit notifications of monetary awards; (e) issue checks to eligible Claimants from the Settlement Fund; (f) issue related tax documents; and (g) perform such other administrative tasks as may facilitate the claims process.

17.     Interest accrued by the Settlement Fund will be used to cover costs associated with the distribution of the above funds to Claimants.  To the extent accrued interest does not cover these costs, all outstanding Claims Administrator costs shall be paid by YRC, including, without limitation, all costs associated with the creation of the Settlement Fund, all costs to be paid by the Claims Administrator, and all costs related to the issuance and mailing of notices and checks in accordance with this Decree.

## FAIRNESS HEARING/APPROVAL OF SETTLEMENT

18.     The Section 1981 Class in the Chicago Ridge Section 1981 case has been certified under Federal Rule of Civil Procedure 23(b)(3).  Notice of the pendency of the Section 1981 Class Action was provided to the class through a notice published in the Chicago Tribune on March 15, 2012, and a Notice mailed to every potential class member on March 16, 2012.  The initial Notice thoroughly described the litigation, the claims made by the Named Plaintiffs, the issues involved and the rights of unnamed class members.  It also notified unnamed class members of their right to opt-out of the class action.  The opt-out period ended on May 15, 2012,

and no class member opted-out.

19.   **Notice to Settlement Class Members**.   Within 15 days after Preliminary Approval, the Claims Administrator shall provide notice via first class mail using the updated addresses obtained during the initial notice process to all Settlement Class members in a form approved by the Court.  The notice shall: (a) state that there is a proposed settlement of the claims in the EEOC case and the Section 1981 case; (b) describe the cases, the terms of the settlement, and that the eligible members of the Settlement Class may submit a Claim Form in the claims process for monetary relief; (c) indicate that the Court will hold a hearing at which time the Court will consider the fairness, adequacy and reasonableness of the proposed settlement; and (d) indicate that Settlement Class members may submit written comments regarding the settlement or appear at the Fairness Hearing.  A copy of the Notice to be submitted to the Court for approval is attached hereto as Exhibit B.

20.   YRC shall reasonably cooperate with the Claims Administrator, Section 1981 Class Counsel, and EEOC in identifying and locating Settlement Class members.  The Claims Administrator will perform a computer database trace for the current addresses of the Settlement Class members formerly employed by YRC.

21.   **Fairness Hearing**.   A Fairness Hearing to consider the overall fairness, reasonableness and adequacy of the proposed settlement of the EEOC case and the Section 1981 case shall be held approximately 75 days after Preliminary Approval, on a date specified by the Court.

22.   **Appearance by Settlement Class Members at Fairness Hearing**.  Any member of the Settlement Class may appear at the Fairness Hearing and be heard in opposition to the overall fairness, reasonableness and adequacy of the proposed.  Settlement Class members who

wish to object to this Decree or any part of it may be heard at the Fairness Hearing only:

(a)     if they file with this Court and serve on the Section 1981 Class Counsel, EEOC, and Counsel for YRC, a written statement of their objection;

(b)     where such statement is received by the Section 1981 Class Counsel, EEOC, Counsel for YRC, and the Court 15 days prior to the Fairness Hearing;

(c)     where such statement indicates whether they intend to appear at the Fairness Hearing; and

(d)     if they contemporaneously notify Section 1981 Class Counsel, EEOC, Counsel for YRC, and the Court, of their intention to appear at the Fairness Hearing.

Such objectors may appear at the Fairness Hearing either in person or by counsel. Failure to perform any of these requirements shall be deemed a waiver of any objections. The Parties may, but need not, respond in writing to objections by filing a response with the Court.

23.     If the Court approves the Decree at the Fairness Hearing, the Claims Administrator shall mail notice of Final Approval of the Consent Decree to each Settlement Class member within 10 days of the Fairness Hearing.

24.     **Release of Claims by EEOC**. Upon Final Approval of the Decree, YRC Inc. and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns, shall be fully released and forever discharged by EEOC from all issues and claims of EEOC arising from the Complaint filed by EEOC in the EEOC Chicago Ridge Title VII case and the Charges of Discrimination

and Amended Charges of Discrimination underlying this litigation filed by Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods. This release is final and shall survive the expiration of the Decree's term.

25. **Release of Claims by the Section 1981 Settlement Class**. Upon Final Approval of the Decree, YRC Inc. and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns, shall be fully released and forever discharged from any and all individual and/or class-wide claims, demands, complaints, rights and causes of actions of any kind, known or unknown, by each member of the Section 1981 Settlement Class, including their heirs, assigns and estates, whether seeking monetary and/or equitable relief of any sort, which arise out of or are related to the underlying operative facts in any Charge of Discrimination, Amended Charge of Discrimination, Complaint, Amended Complaint, or Complaint in Intervention filed by the Plaintiffs which were, or could have been asserted, all of which are released, extinguished and dismissed pursuant to this Decree. This release is final and shall survive the expiration of the Decree's term.

**CLAIMS PROCESS**

26. The Claims Administrator will send out claim forms (Exhibit C) to each member of the Settlement Class, with the notice of settlement via first class mail. Settlement Class members who seek to recover monetary compensation must complete a claim form and cause it to be filed with the Claims Administrator within 75 days after the claim form is mailed. The

claim form must be actually received by the Claims Administrator on or before such date in order to be considered timely. It is the obligation of the Settlement Class member to ensure receipt by the Claims Administrator of the claim form on or before the due date. All claim forms must be signed under penalty of perjury to be considered. All Settlement Class members (including the Intervening Plaintiffs/Section 1981 Named Plaintiffs) who have given a deposition, provided a signed Affidavit, or returned an EEOC Questionnaire in this case shall be considered to have filed a timely claim. EEOC, in its discretion, may require these Claimants to provide additional information in support of their claims.

      a.    **Late Claims**. For claims received after the filing deadline, EEOC and Section 1981 Class Counsel shall notify late-filing Settlement Class members that their claims are untimely and that they are not eligible for any monetary award. EEOC or the Section 1981 Class Counsel may reverse the determination that a claim was not timely filed only if the Settlement Class member proves that the untimeliness determination is erroneous.

      b.    **Claims of Deceased Persons**. Claims may be submitted on behalf of Claimants who have died provided that a legally-authorized representative of their estate, possessing appropriate documentation (letters testamentary, Small Estate Affidavit or the equivalent), timely submits the required claim forms. Any claims paid to a deceased Claimant shall be made payable to the estate of the deceased Claimant.

27.    The Claims Administrator shall forward claim forms and supporting documentation to EEOC and Section 1981 Class Counsel on a rolling basis.

## DETERMINATION OF CLAIMS

28.    Within 60 days of the deadline for receiving claim forms, EEOC shall make a determination as to whether the Claimants who filed timely claims are eligible to receive a

monetary award and, if so, EEOC shall determine the amount of each monetary award. In making such determinations, EEOC may consider whatever evidence EEOC deems appropriate, including, but not limited to, evidence received by EEOC in its investigation of the charges of discrimination underlying this action, in connection with its litigation of this action, and in connection with the claims process provided by this Decree. If a claim form is determined to be incomplete by EEOC, EEOC may request additional information from the Claimant, if it appears that such additional information would complete the claim form. The Claimant must provide the requested information, signed under penalty of perjury, to EEOC by mail with a postmark no later than 14 days from the date of the mailed request for information.

29.     EEOC may ask YRC to provide necessary information and data that has not already been provided to EEOC or to Section 1981 Class Counsel to make award determinations. YRC will respond to all reasonable EEOC requests for information relating to the Claimants within 30 days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to YRC. The information requested by EEOC of YRC pursuant to this Paragraph shall be limited to the Claimants' job duties and titles, work histories, dates of termination, dates of leave, and any other information that is reasonably available to YRC relating to the Claimants.

30.     EEOC will determine the amount of each Claimant's monetary award based on a point system developed by EEOC and Section 1981 Class Counsel. This point system will take into account several factors, including: (i) length of employment, (ii) dates of employment, (iii) job assignments/classifications, (iv) the severity of the alleged harassment or discrimination, (v) whether the alleged harassment or discrimination was personally directed at the Claimant, (vi) the duration of the alleged harassment or discrimination, (vii) the extent of the alleged harm, (vii)

whether the Claimant alleged to have been actually or constructively discharged, (viii) the managerial status of the persons involved, (ix) whether the Claimant allegedly received more difficult work assignments because of race, (x) whether the Claimant allegedly received shorter breaks because of race, (xi) whether the Claimant allegedly received harsher or more frequent discipline because of race, (xii) whether the Claimant allegedly failed to receive opportunities to be a hostler/spotter, (xiii) whether the Claimant allegedly failed to be timely moved from a casual position to permanent status, (xiv) whether the Claimant allegedly complained of discrimination, (xv) the Claimant's participation and cooperation with EEOC and the Section 1981 Class Counsel in the litigation of these cases, and (xvi) overall strength of the alleged claim as determined by EEOC. The monetary award will constitute non-pecuniary compensatory damages.

31.     EEOC's determination of the amount of monetary relief to be received by the Claimants under this Decree shall be submitted to the Section 1981 Class Counsel and approved by the Court. YRC will not participate in or object to EEOC's determinations.

32.     Each of the Section 1981 Named Plaintiffs shall receive an incentive payment in an amount to be recommended by the Section 1981 Class Counsel and EEOC, and approved by the Court. These incentive payments will be in the range of $15,000.00 to $35,000.00, and shall be in addition to the amount they are awarded through the claims process.

33.     An amount of $100,000.00 will be set aside from the initial distribution in the Settlement Fund to pay out to Claimants who have demonstrated an error in the claims process. EEOC and the Section 1981 Class Counsel, with the approval of the Court, may make additional payments to Claimants to correct errors in the claims process. Any money that remains in the account after this process shall be added to the payments made to the Claimants in proportion to

the amount of their award.

## MOTION FOR APPROVAL OF DISTRIBUTION OF SETTLEMENT FUNDS

34.     Within 14 days of the determination of all claims, EEOC and the Section 1981 Class Counsel shall file a motion with the Court seeking Approval of the Distribution of the Settlement Fund among those eligible Claimants who have executed and timely returned their claim forms and the required Release. In connection with this motion, EEOC and the Section 1981 Class Counsel shall (i) seek approval of the process developed by EEOC and Section 1981 Class Counsel pursuant to Paragraph 30, used to determine the distribution, and (ii) file a proposed settlement distribution list, which shall contain the redacted name and proposed gross settlement amount for each eligible Claimant. A non-redacted list shall be submitted to the Court for *in camera* inspection, and filed under seal. YRC shall not challenge the proposed settlement distribution list. After appropriate review, in connection with which EEOC shall provide any information within EEOC's possession that the Court requests, the Court will enter an Order Approving the Allocation of the Settlement Funds and the distribution thereof pursuant to this Decree.

## NOTIFICATION OF AWARDS

35.     Within 7 days of the Order Approving the Distribution of the Settlement Funds, EEOC and Section 1981 Class Counsel shall cause the Claims Administrator to notify each Claimant (both eligible Claimants as well as those not receiving a monetary award) via U.S. First Class Mail of the amount of his/her monetary award, if any.

36.     Along with the Notification of Award, the Claims Administrator shall mail to each eligible Claimant a Release (a copy of which is attached hereto as Exhibit A). Each eligible Claimant will be notified that in order to receive monetary payments under this Decree, he/she

must execute and deliver to the Claims Administrator a Release, which will become effective upon the Claimant's receipt of his or her distribution. The letter will inform each eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is actually received by the Claims Administrator within 45 days of the mailing of the Notification of Award. Any eligible Claimant whose executed Release is not actually received by the Claims Administrator within 45 days of the mailing of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree, unless EEOC and Section 1981 Class Counsel determine that such individual is eligible to be paid out of the administrative error fund (and provided that the Release is executed). The Claims Administrator shall promptly provide all original signed Releases to YRC and provide copies to the Section 1981 Class Counsel and EEOC.

### ADJUSTMENT OF AWARDS DUE TO ADMINISTRATIVE ERROR

37. Within 60 days of Approval of Distribution, EEOC and Section 1981 Class Counsel may seek the Court's approval to award money or adjust awards for Claimants due to administrative error as provided in Paragraph 33. Any adjustment must take place within 60 days of Approval of Distribution. After 60 days, EEOC will instruct the Claims Administrator to allocate any of the un-awarded money to the Claimants in proportion to the amount of their award.

### DISTRIBUTION OF SETTLEMENT FUND

38. Within 70 days after the Court's Approval of Distribution of Settlement Funds, EEOC and the Section 1981 Class Counsel will send the Claims Administrator the final settlement distribution list, including allocation of any un-awarded money that had been set aside for administrative error. Within 7 days of receipt of the final distribution list, the Claims

Administrator shall issue and mail checks to the eligible Claimants in the amount reflected in the final settlement distribution list. The Claims Administrator will issue an IRS Form 1099 to each Claimant reflecting the amount paid to that individual. The Court finds that the payments shall constitute compensation for non-pecuniary damages and shall not be subject to any payroll deductions. The Parties acknowledge that no party or its attorneys are making any representations regarding the taxability or non-taxability of the payments to Claimants. As directed by EEOC or Section 1981 Class Counsel, the Claims Administrator shall take further steps in a timely manner to reach those Claimants who did not receive and/or deposit their settlement checks.

### SURPLUS FUNDS FROM CONSENT DECREE

39.     In the event that any portion of the Settlement Fund, including accrued interest, has not been distributed as required by this Decree after a period of 120 days has elapsed from the date on which the settlement checks were mailed by the Claims Administrator, then such remaining amounts from the Settlement Fund shall be provided to the Aurora/Quad County Chapter of the Urban League, a non-profit organization jointly identified by EEOC and YRC that serves the area of the YRC's Chicago break bulk dock operation to further the job training and hiring of minority workers.

### SPECIFIC INJUNCTIVE PROVISIONS

40.     The Court finds that the Chicago Ridge terminal closed on or before December 31, 2009, and that there are no operations currently in place at Chicago Ridge. There are approximately 51 members of the Settlement Class on active status at Chicago Heights. In addition, there are approximately 53 members of the Settlement Class on leave or layoff status at Chicago Heights.

41.    Chicago Heights is already subject to a Consent Decree issued by this Court in the consolidated cases of *EEOC v. Roadway Express, Inc. and YRC, Inc.*, Case Nos. 06 CV 4805 and 08 CV 5555 and *William Bandy, et al. v. Roadway Express, Inc. and YRC, Inc.*, Case No. 10 CV 5305 ("Chicago Heights Consent Decree").

42.    The Court has reviewed the Chicago Heights Consent Decree as amended by the Order issued on June 27, 2012 (case no. 06-cv-4805, docket no. 193), and finds that it adequately protects the interests of the Settlement Class and that there is no need for additional injunctive relief concerning the EEOC Settlement Class and the Section 1981 Settlement Class members in this case.

43.    Within 10 days after Final Approval of the Consent Decree, YRC shall post copies of the Notice attached as Exhibit D to this Decree at YRC's Chicago break bulk dock operation on the bulletin boards usually used by YRC for posting governmental notices directed to employees.  The Notice shall remain posted for the duration of the Chicago Heights Consent Decree.  YRC shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  YRC shall certify to the EEOC in writing within 10 days after Final Approval of the Consent Decree that the Notice has been properly posted.  YRC shall permit the Monitor to enter YRC's Chicago bulk break dock operation premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## MISCELLANEOUS PROVISIONS

44.    **Counterparts**. This Decree may be executed by the Parties in one or more counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  An executed photocopy shall be deemed an original.

45.    **Binding Upon Successors**. The terms of this Decree shall be binding upon the