present and future directors, officers, managers, agents, successors and assigns of YRC. YRC, and any successor(s) of YRC, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with YRC, or any successor of YRC, prior to the effectiveness of any such acquisition or merger.

46. **Notices**. Any notices to be given to the Parties under this Decree will be deemed sufficient if mailed by first class mail to:

Counsel for Plaintiffs

The EEOC: Richard J. Mrizek, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661.

And:

Intervenors' Counsel/Section 1981 Class Counsel: Randall Schmidt, Clinical Professor of Law, Director Employment Law Project, Edwin F. Mandel Legal Aid Clinic, University of Chicago Law School, 6020 S. University Ave., Chicago, Illinois 60637.

Counsel for YRC: Kevin W. Shaughnessy, Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801.

47. **Entire Agreement**. This Decree constitutes the entire agreement between YRC and Plaintiffs hereto with respect to the matters herein, and it supersedes all negotiations, representations, comments, contracts and writings prior to the date of this Consent Decree.

48. **Interpretation and Severability**. Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Decree shall remain unaffected and in full force and effect to the extent permitted by law.

49. **Modifications**. YRC, EEOC, and Section 1981 Class Counsel may jointly agree,

Page 20 of 23

in writing, to modify the Consent Decree with the approval of the Court.

50.     **Enforceability**. YRC, EEOC, and Section 1981 Class Counsel shall make a good faith effort to defend this Decree from any legal challenge whether by appeal, collateral attack, or objection.

## DISPUTE RESOLUTION

51.     If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other Parties of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 10 business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

52.     Except as is necessary to enforce the posting requirement in Paragraph 43, this Decree shall be in effect until 30 days after all money has been paid from the Settlement Fund and all disputes, if any, under Paragraph 43 have been resolved. The Court shall retain jurisdiction of the EEOC Chicago Ridge Title VII case only for the purpose of enforcing the posting requirement in Paragraph 43. Upon the latter of the expiration of the 30-day period or 30 days after all disputes, if any, have been resolved, the Court shall dismiss the Chicago Ridge Section 1981 case with prejudice.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For YRC INC.


KEVIN W. SHAUGHNESSY
Baker & Hostetler LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801


_____
COUNSEL FOR YRC INC.


_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
RICHARD J. MRIZEK
Trial Attorney

U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2000
Chicago, Illinois 60661
(312) 869-8117

For INTERVENING PLAINTIFFS and the SECTION 1981 CLASS

_____
RANDALL D. SCHMIDT
Edwin F. Mandel Legal Aid Clinic
    of the University of Chicago law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

_____
CAROL COPLAN BABBITT
The Law Office of Carol Coplan Babbitt
35 E. Wacker Dr.
Suite 650
Chicago, IL 60601
(312) 435-9775

_____
CATHERINE A. CAPORUSSO
Law Office of Catherine Caporusso
53 W. Jackson
Suite 505
Chicago, IL 60604
312-933-0655

ENTERED: _____
United States District Court
Magistrate Judge Susan Cox

Date: _____9-25-12_____

Page 23 of 23

## EXHIBIT A

### RELEASE AGREEMENT

I,_____, for and in consideration of the sum of $ _____ payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Yellow Transp.*, 09 CV 7693 (N.D. Ill.), and *Brown, et al. v. Yellow Transp.*, 08 CV 5908 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge YRC Inc., and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns (collectively, the Released Entities), from any and all claims and causes of action of any kind, known or unknown, which I now have or ever have had under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and any other similar or related federal, state, or local employment discrimination or civil rights law, regulation, or ordinance arising from or related to the underlying facts and claims which were asserted in *EEOC v. Yellow Transp.*, 09 C 7693 (N.D. Ill.), and *Brown, et al. v. Yellow Transp.*, 08 C 5908 (N.D. Ill.).

I understand that by executing this Agreement, the Released Entities are not admitting any violation of my rights under statutory or common law. I also understand that this release is effective only so long as each of the payments due and owing under the Decree is paid to me. Should any payment fail to be made, the release is null and void.

_____
Date

_____
Signature

Page 1 of 23

EXHIBIT B

## *THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT*
## *THIS IS NOT A SUMMONS OR AN ORDER TO COME TO COURT*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN, et al., on behalf of themselves and similarly situated African-American employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 08 CV 5908 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 CV 7693 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) ) | |
| Defendants. | ) | |

## PRELIMINARY NOTICE OF SETTLEMENT OF
## DISCRIMINATION AND HARASSMENT CLASS ACTION LAWSUIT

This Notice is being sent to you, as ordered by the Court, to advise you of the preliminary approval of the settlement of two employment discrimination cases against the company formerly known as Yellow Transportation and now known as YRC Inc., with regard to its former terminal in Chicago Ridge, Illinois. In *Brown v. Yellow,* 08 CV 5908, the Plaintiffs (Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington,

Page 1 of 9

Darrell Williams, Charles Woods, and Michael Woods) individually and on behalf of a class of African-American employees and former employees brought suit alleging, among other things, that Yellow Transportation, Inc., and YRC Inc. ("Yellow/YRC") violated the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), by unlawfully discriminating against a class of African-American employees at Yellow/YRC's facility at 10301 South Harlem Avenue, Chicago Ridge, Illinois ("Chicago Ridge"), by fostering a hostile work environment based upon race, and unlawfully discriminated against its African-American employees in the terms and conditions of employment (the "Section 1981 case"). Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit (case number 09 CV 7693) against Yellow/YRC under Title VII of the Civil Rights Act of 1964 ( "Title VII"), 42 U.S.C. §2000e, *et seq*., (the "EEOC case"), making similar claims. These cases are now consolidated for settlement purposes.

**IF YOU ARE A CLASS MEMBER, YOU MUST NOW DECIDE WHAT ACTION YOU WILL TAKE IN RESPONSE TO THE PROPOSED SETTLEMENT OF THE CLASS ACTION.**

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court in charge of this case still has to decide whether to approve the settlement. If the Court approves the settlement, payments will be made after Claim Forms are reviewed. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**......................................................................**4**
   1.   Why Have I Received This Notice?................................................ 4
   2.   What Is This Lawsuit About? ....................................................... 4
   3.   Why Is This Lawsuit A Class Action?............................................ 4
   4.   Why Is There A Settlement? ........................................................ 5
   5.   Who Is In The Settlement? .......................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ..................**5**
   6.   What Does The Settlement Provide? ............................................ 5
   7.   What Can I Get From The Settlement?.......................................... 5

**HOW YOU GET A PAYMENT---SUBMITING A CLAIM FORM**
   8.   How Can I Get A Payment?.......................................................... 6
   9.   When Would I Get My Payment? ................................................. 6

**THE LAWYERS REPRESENTING YOU** ...................................**6**
   10.  Do I Have A Lawyer In This Case?............................................... 6
   11.  How Will The Lawyers Be Paid? ................................................. 6

**OBJECTING TO THE SETTLEMENT** .......................................**6**
   12.  How Do I Tell The Court That I Don't Like The Settlement? ........ 6

**THE COURT'S FAIRNESS HEARING** ......................................**7**
   13.  When And Where Will The Court Decide Whether To Approve The Settlement? ........ 7
   14.  Do I Have To Come To The Hearing? .......................................... 7
   15.  May I Speak At The Hearing? ..................................................... 7

**IF YOU DO NOTHING** ..............................................................**8**
   16.  What Happens If I do Nothing At All? .......................................... 8

**GETTING MORE INFORMATION**............................................**8**
   17.  Are There More Details About The Setlement? ............................ 8
   18.  How Do I Get More Information? ................................................. 8

## BASIC INFORMATION

### 1. Why Have I Received This Notice?

You have received this Notice because Yellow/YRC's personnel records show that you worked at Chicago Ridge some time on or after October 15, 2004 as a dock worker, hostler, spotter, janitor, supervisor, or clerical employee on the dock, either as a "casual," "10%," "regular," full-time or other employee. This notice explains that you have legal rights and options that you may exercise now that a settlement has been proposed.

### 2. What Is This Lawsuit About?

This lawsuit is about whether Yellow/YRC discriminated against African-American employees because of their race by fostering a racially hostile work environment at Yellow/YRC's Chicago Ridge workplace. Plaintiffs and the EEOC claim that the hostile work environment was created by harassing activities, including: the display of racially hostile symbols; racist graffiti; and racial epithets, slurs, and comments uttered by co-workers and supervisors. Plaintiffs and the EEOC also claim that Yellow/YRC discriminated against African-American employees in many other aspects of employment, that the company did not respond to repeated complaints by African-American employees about the workplace, and that management employees retaliated against employees who made complaints about discrimination.

Yellow/YRC maintains that this case should not be certified as a class action. Yellow/YRC also denies that it violated any law, including Section 1981 and Title VII, and denies that it discriminated against or created a hostile working environment for African-American employees at Chicago Ridge or Chicago Heights. Yellow/YRC has retained legal counsel to represent the company in the Section 1981 and EEOC cases.

The Court has not decided which side is right.

### 3. Why Is This Lawsuit A Class Action?

On May 13, 2011, the Court decided that the Section 1981 can go forward as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The Court allowed, or "certified," this lawsuit as a class action because there is a sufficient number of African-American individuals who were employed by Yellow/YRC at Chicago Ridge between October 15, 2004, and the present to form a Class; there are legal questions and facts that are common to the Class Members; the Class Representatives' claims are typical of the claims of the rest of the Class; the Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class Members' interests; the claims made by the Plaintiffs against Yellow/YRC are generally applicable to the Class; there are more important common legal questions and facts in this case than questions that affect only individuals; and this class action will be more efficient than having many individual lawsuits. The EEOC is not required to certify a class in its lawsuit. The EEOC case also sought relief for the group of former and current African-American employees who were victims of racial harassment and discrimination.

**4.    Why Is There A Settlement?**

The Court did not decide in favor of Plaintiffs, the EEOC or Defendants. Instead, all sides agreed to a settlement. That way, the parties avoid the cost of a trial, the risks involved in a trial, and the people affected will get compensation. The attorneys in the Section 1981 case ("Class Counsel") and the EEOC think the settlement is best for all of the members of the Class.

**5.    Who Is In The Settlement?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives are Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods. The Court has certified one class consisting of all current and former African-American employees who were employed by Yellow/YRC on its docks, in offices on the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee); and worked at Chicago Ridge at any time on or after October 15, 2004 (the "Class"). The Class also includes those African-American employees who were transferred in 2009 from Chicago Ridge to work at the Yellow/YRC facility at 2000 East Lincoln Highway, Chicago Heights, Illinois 60411 ("Chicago Heights"). The Class Representatives and individuals who are in the Class certified by the Court are covered by the settlement of these cases. All former and current employees who indicated that they were victims of discrimination and were willing to participate in the EEOC's lawsuit are also covered by the settlement.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**6.    What Does the Settlement Provide?**

The settlement provides that Yellow/YRC will pay the aggregate sum of Eleven Million Dollars ($11,000,000.00) to settle these cases. The $11,000,000.00 shall be distributed to the Class Representatives, the Class Members, and Class Counsel.

**7.    What Can I Get From the Settlement?**

You may be eligible to get a payment from the settlement for the harm you believe you suffered as a result of the alleged racially hostile work environment at Yellow/YRC's facility at Chicago Ridge. The EEOC shall determine the amount of each monetary award based on a point system developed by the EEOC and Class Counsel. This point system will take into account several factors, including your length of employment, dates of employment, job assignments, the severity of the alleged harassment or discrimination, the duration of the alleged harassment or discrimination, the extent of the alleged harm, whether you allegedly received more difficult work assignments because of race, whether you allegedly received harsher or more frequent discipline because of race, whether you were allegedly denied opportunities to be a hostler/spotter, whether you complained of discrimination, your participation and cooperation with the EEOC and the Class Counsel in the litigation of these cases, and the overall strength of your claim.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

**8.     How Can I get A Payment?**

To receive a payment from the settlement fund you must submit the enclosed Claim Form on or before _____, __, 2012, to:

>       First Class, Inc.
>       5410 W. Roosevelt Rd.
>       Unit 222
>       Chicago, Illinois  60644

The Claim Form must be actually received by First Class, Inc., on or before such date in order to be considered timely and for you to be paid.  It is your obligation to make sure First Class, Inc., receives your Claim Form before the due date.  All Claim Forms must be signed under penalty of perjury to be considered.

**9.     When Would I Get My Payment?**

If you are determined to be eligible for settlement payment, you will receive a check after the Court reviews all of the proposed payments to Class Members.  This process may take some time, and the parties do not expect that payments will be made until sometime in the spring of 2013.  Please be patient.

## THE LAWYERS REPRESENTING YOU

**10.     Do I Have A Lawyer In This Case?**

The Court has decided that the Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School in Chicago, Illinois, the Law Office of Carol Coplan Babbitt in Chicago, Illinois, and the Law Office of Catherine A. Caporusso in Chicago, Illinois are qualified to represent you and all Class Members.  Together, these lawyers are called "Class Counsel."  Lawyers for the EEOC also have been seeking relief for those African-American workers who believe they were victims of discrimination or harassment at Chicago Ridge and agreed to participate.

**11.     How Will The Lawyers Be Paid?**

The settlement provides that the Class Counsel will receive $1,100,000.00 in payment to them of their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class.  The Court will be asked to approve the attorneys' fees and costs at the Fairness Hearing described on page 7, in the answer to Question 13.  Neither the lawyers for the EEOC nor the government will receive any payment for their involvement in either the EEOC or the Section 1981 case

## OBJECTING TO THE SETTLEMENT

**12.     How Do I Tell The Court That I Don't Like The Settlement?**

You can tell the Court that you don't agree with the settlement or some part of it by "objecting" to the settlement.  Objecting is simply telling the Court that you don't like something about the

settlement. You must give reasons why you think the Court should not approve the settlement or why you don't like the settlement or some part of it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Brown v. Yellow*, Case No. 08 CV 5908. Be sure to include your name, address, telephone number, signature, and the reasons you object to the settlement. Mail the objection to these four different places:

| | |
|---|---|
| Clerk of the Court | **CLASS COUNSEL:** |
| United States District Court | Randall D. Schmidt |
|   for the Northern District of Illinois | Edwin F. Mandel Legal Aid Clinic |
| 219 S. Dearborn Street | 6020 S. University Ave. |
| 20th Floor | Chicago, Illinois 60637 |
| Chicago, Illinois 60604 | |
| | |
| **EEOC:** | **DEFENDANTS' COUNSEL:** |
| Richard J. Mrizek | Kevin W. Shaughnessy |
| Trial Attorney | Baker & Hostetler LLP |
| U.S. Equal Employment | 200 S. Orange Avenue |
| Opportunity Commission | Suite 2300 |
| 500 W. Madison, Suite 2000 | Orlando, Florida 32801 |
| Chicago, Illinois 60661 | |

You need to make sure that your objections are received by these four different places on or before September __, 2012.

## THE COURT'S FAIRNESS HEARING

### 13. When And Where Will The Court Decide Whether to Approve the Settlement?

The Court will hold a hearing at which time the Court will consider the fairness, adequacy and reasonableness of the proposed settlement (the "Fairness Hearing"). This hearing will be held on September __, 2012, at ____.m. in Room 1330, 219 S. Dearborn Street, Chicago, Illinois 60604. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also rule upon the Class Counsel's request for attorneys' fees and costs. We do not know how long these decisions will take.

### 14. Do I Have To Come To The Hearing?

No. Class Counsel and the EEOC will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 15. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Brown v. Yellow*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to

Page 7 of 9

Appear must be received no later than _____ __, 2012, and be sent to the Clerk of the Court, Class Counsel, the EEOC and Defense Counsel, at the four addresses on pages 6-7, in the answer to Question 12.

## IF YOU DO NOTHING

**16.    What Happens If I Do Nothing At All?**

If you do nothing, you'll get no money from this settlement. But you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Yellow/YRC about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**17.    Are There More Details About The Settlement?**

This Notice summarizes the proposed settlement. More details are in a Consent Decree. You can get a copy of the Consent Decree by writing to Randall D. Schmidt, Edwin F. Mandel Legal Aid Clinic, 6020 S. University Ave., Chicago, Illinois 60637, or by visiting: www.YRCClassAction.com.

**18.    How Do I get More Information?**

For more information, visit the website YRCClassAction.com, where you will find the Consent Decree, the Court's Order certifying the Class, the Corrected Amended Complaint that Plaintiffs submitted, and the Defendants' Answer to the Corrected Amended Complaint. You may also call or write to Class Counsel with any questions regarding this class action. The contact information for Class Counsel is:

Randall D. Schmidt
Edwin F. Mandel Legal Aid Clinic
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

| Carol Coplan Babbitt | Catherine Caporusso |
|---|---|
| Law Office of Carol Coplan Babbitt | Law Office of Catherine Caporusso |
| 35 E. Wacker Drive, Suite 650 | 53 W. Jackson Blvd., Suite 505 |
| Chicago, IL 60601 | Chicago, IL 60604 |
| (312) 435-9775 | (312) 933-0655 |

If you have any questions regarding the EEOC litigation, please contact:

Richard J. Mrizek
Trial Attorney
U.S. Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8117

**PLEASE DO NOT TELEPHONE THE CLERK OF THE COURT.**

Dated: June ___, 2012

CLERK, U.S. District Court
Northern District of Illinois

EXHIBIT C

CLAIM FORM

**IMPORTANT:** Your Claim Form **MUST ACTUALLY RECEIVED BY THE CLAIMS ADMINISTRATOR** by **DATE**. It is your obligation to make sure that the Claims Administrator actually receives your Claim Form by **DATE.**

**INSTRUCTIONS**

1.      It is important to read and follow these instructions carefully, as well as those contained in the letter that accompanied this Claim Form. Failure to follow these instructions may result in you being ineligible to receive a monetary award in this case.

2.      If the Claims Administrator does not receive this Claim Form by **DATE**, your claim will be rejected and you will lose all rights to receive any money from this settlement. You must mail or deliver your Claim Form to:

First Class, Inc.
5410 W. Roosevelt Rd.
Unit 222
Chicago, IL 60644

3.      You **must *sign***, under penalty of perjury, and **date** the Claim Form on page 12.

4.      All questions pertain to your experiences at the Chicago Ridge facility. Do **not** answer the questions based upon experiences at other YRC facilities.

5.      If you have insufficient space to answer a question, you may continue your answer on additional sheets of paper. Please write your name, social security number, and the appropriate question number on any additional sheets of paper you include.

6.      Answer all questions as fully and completely as you can, even if you have provided the same or similar information to the EEOC or the Class Counsel in the past. If you are uncertain or cannot fully recall certain information, you may indicate that fact in your answers.

7.      You must fill out this form, even if you have sat for a deposition or if you have been previously interviewed by the EEOC or the Class Counsel.

8.      Please update us if any of your contact information changes.

## PERSONAL INFORMATION

1.  _____
    Name (First, Middle, Last)

2.  _____
    Street Address (including Apartment Number, if applicable)

3.  _____
    City                    State                        Zip Code

4.  _____    5.  _____
    Social Security Number              Race

6.  _____
    E-mail Address

7.  _____        _____
    Home Phone Number                   Best Time to Call This Number

8.  _____        _____
    Work Phone Number                   Best Time to Call This Number

9.  _____        _____
    Cell Phone Number                   Best Time to Call This Number

10. _____
    Phone Number of Relative or Other Person Who Knows How to Contact You

11. _____
    Date of Birth

12. Please list any other name(s) you used while employed at Yellow:

    _____        _____
    Name                                Dates You Used This Name

    _____        _____
    Name                                Dates You Used This Name

## EMPLOYMENT WITH YELLOW AT CHICAGO RIDGE

13. Job titles you worked under while at Yellow's Chicago Ridge facility (for example "dockworker", "hostler", "janitor", "supervisor"):

_____

14. Brief description of job duties for each position:_____

_____

_____

_____

15. Dates of employment at Yellow's Chicago Ridge facility:

_____

16. List any extended periods (more than 2 weeks) you were on lay off:

_____

_____

_____

### Movement From The Casual Position to a Permanent Position

17. Do you believe that you were ever denied the opportunity to move from the "Casual" position to the seniority list position or "10%" position or delayed in moving from the Casual position to the seniority list position or 10% position because of your race?

Yes _____ No _____

If "yes", please describe the basis for your claim, including when this occurred and the name and race of who you believe was promoted from the Casual position to the seniority list position or 10% instead of you:

_____

_____

_____

_____

_____

_____

Page 3 of 12

### Promotion to Hostler or a Spotter

18.     Were you interested in becoming a Hostler or Spotter at Chicago Ridge?
         Yes _____ No _____
If "yes", please describe when you were interested and what you did to seek a position:

_____

_____

_____

19.     Do you believe that you ever denied the opportunity to become a Hostler or Spotter or improperly passed over for the position because of your race?
         Yes _____ No _____
If "yes", please describe how you were denied the opportunity, including when and whether this occurred more than once:

_____

_____

_____

_____

_____

_____

### CLAIMS OF RACIAL HARASSMENT

20.     Did you ever personally <u>see</u> **racist** graffiti at Yellow's Chicago Ridge facility?
         Yes _____ No _____
If "yes", describe what you saw, when you saw it, where in the facility you saw it, and how often you saw it:

_____

_____

_____

_____

_____

_____

_____

21.     Did you ever <u>hear about</u> any **racist** graffiti at Yellow's Chicago Ridge facility when you were working there?

      Yes _____ No _____

If "yes", describe what you heard and when you heard about it:

_____

_____

_____

22.     Did you ever personally see or hear about any **racist** drawings or cartoons at Yellow's Chicago Ridge facility?

      Yes _____ No _____

If "yes", describe the drawings or cartoons, whether you personally saw them, whether you heard about them, when they occurred, and where they were located:

_____

_____

_____

_____

23.     Did you ever personally <u>see</u> a noose or rope you believed to be a noose at Yellow's Chicago Ridge facility that you believe was displayed to either intimidate or offend Black employees?

      Yes _____ No _____

If "yes", describe what you saw, when you saw it, where in the facility you saw it, and on how many occasions. If you saw such a noose or rope more than once, describe each occurrence:

_____

_____

_____

_____

_____

_____

24.     While you were working at Yellow's Chicago Ridge facility, did you ever <u>hear about</u> a noose or rope you believed to be a noose at Yellow's Chicago Ridge facility that you believe was displayed to either intimidate or offend Black employees?

        Yes _____ No _____

If "yes", describe what you heard, when you heard about it, and where in the facility you were told it was displayed.  If you heard about such a noose or rope more than once, describe each occurrence:

_____

_____

_____

_____

_____

_____

25.     Have you ever personally heard anyone at Yellow's Chicago Ridge facility, either a coworker or supervisor, make any kind of **racist** remark?

Yes _____ No _____

If "yes", describe what you heard, who said it, whether it was a supervisor or coworker, whether it was directed at you or overheard by you, and when you heard it, on how many occasions, and whether you reported it to Yellow, to whom, and Yellow's response.  If you heard more than one racist remark, please describe each occurrence:

_____

_____

_____

## CLAIMS OF RACIAL DISCRIMINATION

### Working Conditions

26.     Did any Yellow employee at Yellow's Chicago Ridge facility, whether a supervisor or coworker, ever refuse to work with you because of your race?

        Yes _____ No _____

If "yes", please provide details of the incident, including who refused to work with you and when the incident occurred; if this occurred more than once, describe each occurrence:

_____

_____

_____

Page 6 of 12

**Discipline and Work Rules**

27.     Do you believe that you ever received discipline for conduct for which a White employee was not, or would not have been, disciplined?

          Yes _____ No _____

If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

28.     While employed at Yellow's Chicago Ridge facility, did you ever observe any differences in the way Black and White employees were treated in regards to discipline?

          Yes _____ No _____

If "yes", please describe:

_____

_____

_____

_____

_____

_____

_____

29.     Do you believe that you were treated differently than White employees regarding access to and privileges of using the break room and restrooms?

          Yes _____ No _____