**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| CHARLES E. BROWN, JEFFREY BURKS, | ) | |
| ANTONIO COLON, JAMES DEMOSS, JAMESON | ) | |
| DIXON, CLARK FAULKNER, KENNETH GEORGE, | ) | |
| LEONARD GREGORY, MARSHUN HILL, MACK | ) | |
| LEONARD, CEDRIC MUSE, LAROY | ) | |
| WASHINGTON, DARRELL WILLIAMS, CHARLES | ) | |
| WOODS and MICHAEL WOODS, | ) | |
|     Intervening Plaintiffs, | ) | |
| | ) | |
|     v. | ) | Case No. 09 CV 7693 |
| | ) | |
| YELLOW TRANSPORTATION, INC. and YRC, Inc., | ) | Magistrate Judge Cox |
|     Defendants. | ) | |
| _____ | ) | |
| CHARLES BROWN, JEFFERY BURKS, | ) | |
| ANTONIO COLON, JAMES DEMOSS, | ) | |
| JAMESON DIXON, CLARK FAULKNER, | ) | |
| KENNETH GEORGE, LEONARD GREGORY, | ) | |
| MARSHUN HILL, CEDRIC MUSE, | ) | |
| LAROY WASHINGTON, DARRELL WILLIAMS, | ) | Case No. 08 CV 5908 |
| CHARLES WOODS, MICHAEL WOODS, MACK | ) | |
| LEONARD, on behalf of themselves and similarly | ) | Magistrate Judge Cox |
| situated African-American employees, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## PLAINTIFFS' JOINT MOTION FOR APPROVAL OF ALLOCATION OF SETTLEMENT FUNDS

Pursuant to Paragraph 34 of the Consent Decree (the "Decree") approved previously by

this Court, the United States Equal Employment Opportunity Commission ("EEOC") and

1

Section 1981 Class Counsel hereby submit their Joint Motion for Approval of Allocation of Settlement Funds. In support of this Motion, EEOC and Section 1981 Class Counsel state as follows:

On September 25, 2012, this Court approved entry of the Consent Decree to resolve the above-captioned cases. The Decree included a detailed claims administration process for the purpose of identifying claimants and determining what monetary payment, if any, each potential claimant should receive.

## Process for Determining Monetary Payment Amount

Pursuant to the Decree, each individual in the Settlement Class was notified via mail by the Claims Administrator in a Notice approved by the Court: (a) stating that there is a proposed settlement of the claims in this litigation; (b) describing the litigation and the terms of the settlement, including the factors that will be considered in distributing the settlement funds; and (c) enclosing a claims form and claims instructions. The Claims Administrator was instructed to make reasonable efforts to locate persons in the Settlement Class whose Claim Packages were returned as undeliverable. Claimants who wanted to seek to recover monetary compensation were to complete a claim form and cause it to be filed with the Claims Administrator.

## Timeliness of Claims

According to Paragraph 26 of the Decree, eligible claimants had sixty (60) days from the Approval Date (date calculates to October 3, 2012) to complete and return a claim form in order to be considered for the claims administration process. The claim forms clearly and unambiguously indicated that all claim forms must be received no later than October 3, 2012, otherwise claimants would lose their right to any part of the monetary settlement. Under the terms of the Decree, the EEOC and Section 1981 Class Counsel could reverse the determination

that a claim was not timely filed only if the claimant proved that the untimeliness determination was erroneous. *See* Paragraph 26(a) of the Decree. All Settlement Class members (including the Intervening Plaintiffs/Section 1981 Named Plaintiffs) who had given a deposition, provided a signed Affidavit, or returned an EEOC Questionnaire in this case were entitled to be considered to have filed a timely claim.

The Claims Administrator received 239 timely claim forms. Three of the claim forms were from individuals not included in the initial Settlement Claim mailing list. One of those was from an individual who last worked at the Chicago Ridge facility prior to October 15, 2004, and thus was not part of the definition of the Section 1981Settlement Class as defined by Paragraph 7(B) of the Decree. The individual was also deemed ineligible by the EEOC because the individual was not part of the EEOC's Settlement Class defined by Paragraph 7(A) of the Decree. Because this individual is not covered by the Decree as a member of the Settlement Class, the individual's claim was not considered for an award from the Settlement Fund. After review of the other two claim forms, the EEOC and Section 1981 Class Counsel agree there is credible evidence to establish that they worked at the Chicago Ridge facility during the covered time period and they should be considered eligible for awards from the Settlement Fund. Thus, 238 timely and eligible claim forms were received.

Four individuals submitted claim forms that were received after the October 3, 2012, deadline. Upon consideration of the reasons given for the delay, the EEOC and Section 1981 Class Counsel recommend that all four of these individuals be included in the settlement. Three of the individuals who failed to submit timely claim forms are eligible based upon the claimants' cooperation and participation in the litigation process, including consenting to participation in the EEOC's litigation and by aiding in responding to discovery during the litigation and are thus

3

eligible under Paragraph 26 of the Decree. The fourth individual provided credible explanation for the delay in returning the claim form due to the claimant's hospitalization. The EEOC and Section 1981 Class Counsel, jointly move to include these four individuals as claimant eligible for distribution of settlement funds. Thus, a total of 242 individuals are eligible for awards from the settlement fund.

<u>**Determination of Monetary Payment Amount**</u>

In accordance with the terms of the Consent Decree, the EEOC and Section 1981 Class Counsel developed a point system which takes into account several factors, including: (i) length of employment, (ii) dates of employment, (iii) job assignments/classifications, (iv) the severity of the alleged harassment or discrimination, (v) whether the alleged harassment or discrimination was personally directed at the Claimant, (vi) the duration of the alleged harassment or discrimination, (vii) the extent of the alleged harm, (vii) whether the Claimant alleged to have been actually or constructively discharged, (viii) the managerial status of the persons involved, (ix) whether the Claimant allegedly received more difficult work assignments because of race, (x) whether the Claimant allegedly received shorter breaks because of race, (xi) whether the Claimant allegedly received harsher or more frequent discipline because of race, (xii) whether the Claimant allegedly failed to receive opportunities to be a hostler/spotter, (xiii) whether the Claimant allegedly failed to be timely moved from a casual position to permanent status, (xiv) whether the Claimant allegedly complained of discrimination, (xv) the Claimant's participation and cooperation with EEOC and the Section 1981 Class Counsel in the litigation of these cases, and (xvi) overall strength of the alleged claim as determined by EEOC. *See* Decree, Paragraph 30. In calculating points for distribution, the following factors were weighted more heavily in calculating awards: length of employment, exposure to nooses, participation in the litigation, and

extent of harm.

## Proposed Distribution of the Settlement Fund

The EEOC has determined that 242 individuals (239 timely filed claims - 1 ineligible claim + consideration of 4 untimely-filed claim form = 242) are eligible to participate in this settlement. After a thorough review process applying the factors described above, EEOC has reviewed and scored all claim forms for the 242 eligible claimants and has determined that the $9,900,000 in the settlement fund should be distributed to the Claimants in settlement tiers as follows:

- Tier 1 -12 claimants at $125,000

- Tier 2 - 16 claimants at $110,000

- Tier 3 - 24 claimants at $80,000

- Tier 4 - 34 claimants at $50,000

- Tier 5 - 29 claimants at $40,000

- Tier 6 - 32 claimants at $20,000

- Tier 7 - 37 claimants at $12,500

- Tier 8 - 26 claimants at $5,000

- Tier 9 - 15 claimants at $3,000

- Tier 10 – 17 claimants at $1,500

This distribution accounts for $9,343,000 of the settlement fund. A redacted distribution list is attached as Exhibit A and an unredacted list is submitted under seal pursuant to Paragraph 34 of the Decree.

In accordance with Paragraph 30 and 31, the EEOC determined the points and the tiers and submitted these determinations to Section 1981 class counsel. EEOC and the Section 1981

Class Counsel jointly move for Court to approve this distribution.

In addition, in accordance with Paragraph 33 of the Decree, the fifteen Section 1981 Named Plaintiffs shall receive an incentive payment in an amount in the range of $15,000.00 to $35,000.00 to be recommended by the Section 1981 Class Counsel and EEOC and approved by the Court. Section 1981 Class Counsel and the EEOC recommend that four of the Section 1981 Named Plaintiffs shall receive an incentive payment of $35,000, eight receive an incentive payment of $30,000, two receive incentive payments of $27,500 and one receive an incentive payment of $25,000. The incentive payments constitute $460,000 of the settlement fund. A redacted list showing awards and incentive payments is filed under seal as Exhibit B.

Pursuant to Paragraph 33, EEOC and Section 1981 Class Counsel have set aside $97,000 of the settlement fund in case any errors in the calculation of awards.[1] If any of this amount remains after accounting for any errors, the remainder shall be added to the payments made to the Claimants in proportion to the amount of their award. The $9,343,000 for tier awards, the $460,000 for incentive payments, and $97,000 for error correction account for the $9,900,000 to be distributed to claimants under the Decree.

## Notification of Awards

Pursuant to Paragraph 35 and 36 of the Decree, the Claims Administrator is to mail out a notification of an award to each claimant with a release. EEOC and Section 1981 Class counsel propose the attached draft Notification of Award and Release consistent with Paragraphs 35 and 36 and Exhibit A of the Decree (hereby attached to this motion as Exhibit C) for the Court's approval.[2]

---

[1]  Due to rounding, the EEOC and Section 1981 class counsel have set aside $97,000 instead of $100,000. We do not believe this minor difference will be material.

[2]  EEOC and Section 1981 Class Counsel do ask that the Court agree to remove the following language from the

WHEREFORE, the EEOC and Section 1981 Class Counsel hereby submit this settlement allocation list for the Court's approval and requests that the Court, after appropriate review and pursuant to the Decree, enter an Order 1) approving the Allocation of the Settlement Funds, 2) approving the proposed Incentive Payments, and 3) approving the proposed Notification of Award and Release.

Respectfully submitted,

For U.S. Equal Employment Opportunity Commission

*s/Richard J. Mrizek*
Richard J. Mrizek
Trial Attorney
Ethan M. M. Cohen
Trial Attorney
United States Equal Employment
      Opportunity Commission
500 W. Madison, Room 2000
Chicago, IL 60661
(312) 869-8117

For Section 1981 Class

*s/Randall D. Schmidt*
RANDALL D. SCHMIDT
Edwin F. Mandel Legal Aid Clinic
    of the University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

---

release: "I also understand that this release is effective only so long as each of the payments due and owing under the Decree is paid to me. Should any payment fail to be made, the release is null and void." This language is not necessary because all payments have been made. This language has been removed from Release included in Exhibit C.

## CERTIFICATE OF SERVICE

I, Richard J. Mrizek, an attorney, hereby certify that I caused a copy of the foregoing **Joint Motion for Approval of Allocation of Settlement Funds** to be served electronically via the Court's ECF system on the following persons on January 25, 2013:

KEVIN W. SHAUGHNESSY
Baker & Hostetler LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801

RANDALL D. SCHMIDT
Edwin F. Mandel Legal Aid Clinic
   of the University of Chicago law School
6020 S. University Ave.
Chicago, IL 60637

CAROL COPLAN BABBITT
The Law Office of Carol Coplan Babbitt
35 E. Wacker Dr.
Suite 650
Chicago, IL 60601

CATHERINE A. CAPORUSSO
Law Office of Catherine Caporusso
53 W. Jackson
Suite 505
Chicago, IL 60604


*s/Richard J. Mrizek*
Richard J. Mrizek
Trial Attorney
Ethan M. M. Cohen
Trial Attorney
United States Equal Employment
        Opportunity Commission
500 W. Madison, Room 2000
Chicago, IL 60661
(312) 869-8117

8